# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS LEE TOINTIGH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1492-D |
| ) | |
| WARDEN HIGGINS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined, and for the reasons set forth hereafter, the undersigned finds the petition is untimely and recommends that it be dismissed on filing.

## Background

Petitioner recites[1] that he was convicted on April 16, 2002, pursuant to his plea of guilty to manufacturing and possession of methamphetamine for which he was sentenced to twenty years by the District Court of Caddo County, in Case No. CF-2001-176. Petition, p.1. While Petitioner indicates that he appealed his conviction, *id.,* p. 2, he then clarifies, and his

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

referenced attachments reflect, that he did not pursue a direct appeal[2] but rather filed an application for post conviction relief and a motion to withdraw his guilty plea in the state district court on April 26, 2011; both the application and motion were denied on August 3, 2011. *Id.* and attached Application for Post-Conviction Relief, Motion to Withdraw Guilty Plea, and Order Denying Petitioner's Application for Post-Conviction Relief and Motion to Withdraw Guilty Plea. Petitioner, however, failed to include a certified copy of the District Court order denying his requested relief with his subsequent application for post conviction relief before the Oklahoma Court of Criminal Appeals, PC-2011-730, and that court entered an order declining jurisdiction on August 31, 2011. Petition, p. 2 and attached Order Declining Jurisdiction.

## Analysis

### Screening Requirement

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." It is appropriate for the court to raise the issue of timeliness of a habeas petition *sua sponte* under Rule 4. *Day v. McDonough,* 547 U.S. 198, 209 (2006)("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state

---

[2]Attached to the Petition is a copy of Petitioner's Brief in Support of Application for Post Conviction Reli[ef] Part – A. There, he states that he "did not file direct appeal or withdraw guilty plea within ten days of sentences." *Id.* at p. 1.

prisoner's habeas petition."). Petitioner will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. Jul. 29, 1994) (unpublished op.) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

**The Applicable Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless the

Petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D). *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C) or (D) should apply to his claims, and therefore, the timeliness of his petition has been evaluated based on the date Petitioner's conviction became final by the expiration of the time for seeking direct review pursuant to 28 U.S.C. §2244(d)(1)(A).

As previously noted, Petitioner was convicted and sentenced on April 16, 2002. Petition, p.1. Under Oklahoma law, Petitioner had ten days from that date to file an application to withdraw his guilty plea. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Petitioner has acknowledged that he did not appeal from his conviction, and as a result, his conviction became "final" for purposes of § 2244(d)(1)(A) on April 26, 2002. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal convictions). Thus, the one year period began to run on April 27, 2002, and expired on April 27, 2003. *See Haws v. Jorgensen,* 219 Fed. Appx. 781, 783 (10th Cir. 2007). This action was not filed until December 20, 2011, over eight years after the expiration of the applicable one-year period. Thus, in the absence of statutory or equitable tolling, the petition is untimely.

**<u>Statutory Tolling</u>**

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. § 2244(d)(2). The tolling provisions of § 2244(d)(2) do not, however, apply where the action for post-conviction relief is not commenced within the one-year period of limitation. *See Fisher*, 262 F.3d at 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (unpublished op.) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)).

Petitioner is not entitled to any statutory tolling because he failed to seek any post-conviction relief during the relevant one-year period. The only document Petitioner purports to have filed in the state court prior to the April 27, 2003, expiration of the one year limitation period was a motion for sentence modification, filed in the District Court of Caddo County, on December 17, 2002. Petition, Attached Brief in Support of Application for Post Conviction Reli[ef] Part – A, p. 1.[3] The Tenth Circuit has held that motions for sentence modification filed pursuant to Okla. Stat. tit. 22, § 982a "seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." *Nicholson v. Higgins*, 147 Fed. Appx.

---

[3]Plaintiff refers to his filing as a Motion for Judicial Review; the state court's docket report lists it as a Motion for Judicial Review and Sentence Modification. *See* Oklahoma State Courts Network (OSCN), State v. Tointigh, District Court of Caddo County, Case No. CF-2001-176, available at http://www.oscn.net.

5

7, 8 n. 2 (10th Cir. 2005); *see also Clemens v. Sutter*, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (concluding that habeas petitioner's motion to modify his sentence was filed pursuant to § 982a and did not toll the AEDPA limitations period); *but see*, *Bynum v. Howard*, 317 Fed. Appx. 788, 789 (10th Cir. 2009) (observing that there is doubt as to whether a request for a reduction or modification of a sentence tolls the AEDPA limitations period).[4]

None of Petitioner's other motions or applications serve to toll the one-year limitation period because each was filed after the limitations period had expired. *See Fisher,* 262 F.3d 1142-43. On April 26, 2011, Petitioner filed an application for post-conviction relief, an application which, if filed within the one-year limitation period, would have tolled the limitation period. However, because this application was filed well after – eight years after – the April 27, 2003, expiration of the AEDPA limitation period, tolling was not applicable. Thus, the tolling provision of § 2244(d)(2) is not implicated by any of Petitioner's filings, and unless equitable tolling is applicable, the petition filed on December 20, 2011, was more than eight years out of time.

**Equitable Tolling**

Although "the timeliness provision in the federal habeas corpus statute is subject to

---

[4]Any doubt notwithstanding, the state court's docket report reflects that Petitioner's Motion for Judicial Review and Sentence Modification was filed on December 17, 2002, and was denied by order entered on January 8, 2003, some twenty-two (22) days later. *See* Oklahoma State Courts Network (OSCN), State v. Tointigh, District Court of Caddo County, Case No. CF-2001-176, available at http://www.oscn.net. Accordingly, here, as in *Bynum,* the motion was pending for such a short period of time that it was "obviously of no avail to [Petitioner]."*Bynum v. Howard*, 317 Fed. Appx. 788, 789 (10th Cir. 2009).

6

equitable tolling," *Holland v. Florida,* ___U.S. ___, 130 S.Ct. 2549, 2554 (2010), a petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). Equitable tolling may be appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[5] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007)). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted); *see also Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

In that portion of the form 28 U.S.C. § 2254 Petition which allows a petitioner to explain why "the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not

---

[5] Here, actual innocence is not an issue; Petitioner pled guilty to the charges against him.

bar [his] petition," Petition, p. 14, Petitioner indicated "N/A," *id.,* and "Meet All Requirements." *Id.,* at p. 15. Nonetheless, in the April, 2011 application for post-conviction relief – attached as part of the Petition – Petitioner provided the following explanation:

> 5. If you do not timely appeal the original conviction, set forth facts showing how you were denied a direct appeal through no fault of your own. <u>I did not know the court District Attorney or my attorney had to explain the 85% rule nor did I know of the 85% rule at the time of sentencing and I'm just now finding out I can file a post conviction for these reasons.</u>

Petition, Attached Application for Post-Conviction Relief.[6] In this same vein, in his Brief in Support of Application for Post Conviction Reli[ef] Part – A, Petitioner maintains that his attorney did not provide adequate counsel with regard to the minimum length of his sentence. *Id.* at p. 4. He states that he believed his attorney at the time and "now finds out it is the attorneys job to research the law and inform the judge of such." *Id.*

Petitioner's explanation provides no justification for tolling the limitations period. It is well settled that a petitioner's pro se status and lack of familiarity with the law and court rules do not warrant equitable tolling. *See Miller,* 141 F.3d at 977-78 (lack of access to legal materials is insufficient to establish right to equitable tolling); *Williams v. Boone*, No. 98-6357, 1999 WL 34856, *3 (10th Cir. Jan. 28, 1999) (unpublished op.) (noting petitioner's pro se status and unfamiliarity with the law do not justify failure to timely file habeas petition)); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that "ignorance of

---

[6] In his filing with this court, Petitioner inserted his Motion to Withdraw Guilty Plea within the pages of his Application for Post-Conviction Relief. The quoted language is on page III of the Application which is the page following the inserted Motion to Withdraw Guilty Plea.

the law," even for an incarcerated pro se prisoner generally does not warrant equitable tolling).

Because Petitioner is not entitled to statutory or equitable tolling, the applicable limitation period for filing this habeas action expired on or about April 27, 2003, and his federal habeas petition filed on December 20, 2011, is untimely under 28 U.S.C. § 2244(d)(1)(A).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 15, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf on the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 26th day of January, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE