### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS LEE TOINTIGH, JR. , )<br> )<br>        Petitioner, )<br>vs. )<br> )<br>WARDEN HIGGINS, )<br> )<br>        Respondent. ) | NO. CIV-11-1492-D |

### **O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Magistrate Judge filed a Report and Recommendation [Doc. No. 10] in which she recommended that the petition be dismissed upon filing because it reflects that it was filed beyond the applicable one-year statute of limitations and there is no basis for tolling the limitations period. Petitioner timely objected to the Report and Recommendation; therefore, the matter is reviewed *de novo*.

The Magistrate Judge correctly concluded that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, she was required to review the petition upon filing and to recommend dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. In conducting that review, it is appropriate for the Court to *sua sponte* consider the timeliness of the filing. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Petition recites that Petitioner was convicted on April 16, 2002, after pleading guilty to a charge of manufacturing and possessing methamphetamine. He was sentenced by the District

Court of Caddo County, Oklahoma to twenty years of imprisonment. Although Petitioner states he appealed, he then states that he "did not file a direct appeal or withdraw guilty plea within ten days." Petitioner's Brief in Support of Application for Post Conviction Relief, attached to Petition as an unmarked exhibit. The post conviction relief application submitted with his Petition reflects that Petitioner filed that motion and a motion to withdraw his guilty plea in the District Court of Caddo County on April 26, 2011. The August 3, 2011 Order denying those requests is also submitted as an attachment to the Petition. In addition, he attaches a copy of his appeal of that denial to the Oklahoma Court of Criminal Appeals, along with that court's order declining jurisdiction because Petitioner had failed to submit a certified copy of the Caddo County court's order denying post-conviction relief.

The Magistrate Judge concluded the Petition should be dismissed as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the date the judgment becomes final.[1]  28 U. S. C. § 2244(d)(1)(A).

In this case, because Petitioner failed to directly appeal his state court conviction, that conviction became final under the AEDPA ten days after the judgment and sentence was entered, or on April 26, 2002. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Accordingly, the one-year statute of limitations for filing a habeas action began to run on April 27, 2002, and expired on April 27, 2003. *Haws v. Jorgensen,* 219 F. App'x 781, 783 (10th Cir. 2007) (unpublished opinion).

---

[1]The statute provides alternative times for commencement of the limitations period. However, the Magistrate Judge correctly concluded, and Petitioner does not dispute, that the date of final judgment is the only applicable commencement date in this case.

...

As the Magistrate Judge pointed out, this action was not filed until December 20, 2011, more than eight years after the one-year statute of limitations expired.

However, as the Magistrate Judge also explained, the limitations period may be statutorily or equitably tolled. Statutory tolling is prescribed in the AEDPA for the time period in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U. S. C. § 2244(d)(2). Statutory tolling does not apply, however, if the post-conviction relief application is not filed within the one-year limitations period. *Fisher*, 262 F.3d at 1142-43.

In this case, Petitioner did not file a post-conviction relief application within one year. He filed a motion seeking a modification of his sentence during that time period, but such requests do not toll the AEDPA limitations period. *Nicholson v. Higgins,* 147 F. App'x 7, 8 n. 22 (10th Cir. 2005) (unpublished opinion). No other motion would qualify as statutorily tolling the limitations period. Petitioner's post-conviction relief application was not filed until April 26, 2011, approximately eight years after the expiration of the AEDPA limitations period.

The Court agrees with the Magistrate Judge that, in this case, Petitioner cannot satisfy the AEDPA's statutory tolling requirements. His Petition and accompanying exhibits reflect that statutory tolling is not available.

The Magistrate Judge also considered the possible equitable tolling of the limitations period. As she explained in detail at pages 7-8 of the Report and Recommendation, Petitioner has not submitted allegations or authority in the Petition or accompanying exhibits which could support any basis for the "rare remedy" of equitable tolling. *See, e.g., Yang v. Archuleta,* 525 F.3d 925, 929 (10th Cir. 2008). In fact, the Petition reflects that, in response to the form question regarding the

3

applicability of equitable tolling, Petitioner noted, "N/A," and "meet all requirements." Petition, p. 15. As the Magistrate Judge also noted, Petitioner alludes to the delay in filing by stating his belief that his attorney did not accurately inform him regarding the minimum sentence he would face if convicted, suggesting he has recently learned his attorney did not provide him accurate information. Application for Post-Conviction Relief, submitted as unmarked exhibit to Petition. As the Magistrate Judge pointed out in the Report and Recommendation, this explanation does not support a request for equitable tolling of the statute of limitations because a petitioner's *pro se* status and lack of legal knowledge do not warrant equitable tolling. *See, e.g., Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998).

Having reviewed the Report and Recommendation [Doc. No. 10], the Court concludes that the Magistrate Judge correctly applied the law and determined this action must be dismissed because the statute of limitations expired before the Petition was filed. The Court has also reviewed Petitioner's objection to the Report and Recommendation, and finds he presents no argument or authority that would warrant rejecting the Magistrate Judge's recommendation. Accordingly, the Report and Recommendation [Doc. No. 10] is adopted as though fully set forth herein. Having reached that conclusion, the Court must determine whether a Certificate of Appealability should issue. A Certificate of Appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S. C. § 2253(c)(2). To make that showing, Petitioner must demonstrate that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks

omitted). Petitioner has not met that burden in this case. A Certificate of Appealability will not issue.

For the foregoing reasons, this action is dismissed as barred by the expiration of the statute of limitations. Judgment shall enter accordingly.

IT IS SO ORDERED this 7th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE